Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | |
|---|---|
| **In the Matter of the Search of** *(Briefly Describe the property to be searched or identify the person by name and address)* A Black Samsung Smartphone IMEI 359128/06/782982/6, a Black Samsung Smartphone IMEI 359253130617881, and a Silver ACER Chromebook Laptop S/N: NXHUVAA0060440EE667600, located at the Gila River Police Department, 693 West Seed Farm Road, AZ 85147 | Case No. 21-5132mB |

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the District of      Arizona      .
(identify the person or describe the property to be searched and give its location):

### As further described in Attachment A.

The person or property to be searched, described above, is believed to conceal (identify the person or describe the property to be seized):

### As set forth in Attachment B.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

YOU ARE COMMANDED to execute this warrant on or before      8/4/21      .
*(not to exceed 14 days)*

☒ in the daytime 6:00 a.m. to 10 p.m.
☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the United States Magistrate Judge on duty.

_____
*(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized (*check the appropriate box*)      ☐ for 30 days (*not to exceed 30*)
☐ until, the facts justifying, the later specific date of _____

Date and time issued: July 21, 2021 @ 2:07pm     _____
*Judge's signature*

City and State: Phoenix, Arizona     _____
     Honorable Deborah M. Fine, U.S. Magistrate Judge
     *Printed name and title*

## ATTACHMENT A (1)

### Property to Be Searched

This warrant applies to the following electronic device recovered in the vicinity of where VERONICA NUNEZ was detained.  The device was initially collected by the Gila River Police department and stored at the Gila River Police Department, located at 639 W Seed Farm Rd Sacaton, AZ 85147.

1.  A black Samsung cellular phone.  The cellular phone has an IMEI of 359128/06/782982/6.



## ATTACHMENT A (2)

### Property to Be Searched

This warrant applies to the following electronic device recovered within a GMC vehicle registered to Veronica Nunez. The device was initially collected by the Gila River Police department and stored at the Gila River Police Department, located at 639 W Seed Farm Rd Sacaton, AZ 85147.

1. A black Samsung cellular phone. The cellular phone has an IMEI of 359253130617881.



## ATTACHMENT A(3)

### Property to Be Searched

This warrant applies to the following electronic device recovered within a GMC vehicle registered to Veronica Nunez.  The device was initially collected by the Gila River Police department and stored at the Gila River Police Department, located at 639 W Seed Farm Rd Sacaton, AZ 85147.

1.  A Silver in color ACER Chrombook laptop S/N: NXHUVAA0060440EE667600.



## ATTACHMENT B

1.      Any records and information found within the digital contents of the SUBJECT DEVICES that relate to violations of Title 18, United States Code, §§ 1152 and 113(a)(3), Assault with a Dangerous Weapon, and Title 21, United States Code, §§ 841(a)(1) and (b)(1)(C), Possession with Intent to Distribute Methamphetamine, including:

     a.  all information related to the sale, purchase, receipt, shipping, importation, transportation, transfer, possession, or use of drugs;

     b.  all information related to buyers or sources of drugs (including names, addresses, telephone numbers, locations, or any other identifying information);

     c.  all bank records, checks, credit card bills, account information, or other financial records;

     d.  all information regarding the receipt, transfer, possession, transportation, or use of drug proceeds;

     e.  any information recording schedule or travel;

     f.  evidence indicating the cellular telephone user's state of mind as it relates to the crime under investigation;

     g.  contextual information necessary to understand the above evidence.

2.      Any records and information found within the digital contents of the SUBJECT DEVICES showing who used or owned the device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" includes records of telephone calls; names, telephone numbers, usernames, or other identifiers saved in address books, contacts lists and other directories; text messages and other stored communications; subscriber and device information; voicemails or other audio recordings; videos; photographs; e-mails; internet browsing history; calendars; to-do lists; contact information;

mapping and GPS information; data from "apps," including stored communications; reminders, alerts and notes; and any other information in the stored memory or accessed by the electronic features of the cellular telephone.

# UNITED STATES DISTRICT COURT
### for the
### District of Arizona

| In the Matter of the Search of | |
|---|---|
| *(Briefly Describe the property to be searched or identify the person by name and address)* | Case No. 21- 5132mB |
| A Black Samsung Smartphone IMEI 359128/06/782982/6, a Black Samsung Smartphone IMEI 359253130617881, and a Silver ACER Chromebook Laptop S/N: NXHUVAA0060440EE667600, located at the Gila River Police Department, 693 West Seed Farm Road, AZ 85147 | |

## APPLICATION AND AFFIDAVIT FOR A SEARCH WARRANT

I, Det. Jose Vargas, a federal law enforcement officer, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property (*identify the person or describe the property to be searched and give its location*):

### As further described in Attachment A.

Located in the District of __Arizona__, there is now concealed (*identify the person or describe the property to be seized*):

### As set forth in Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

    X Evidence of a crime;

    Contraband, fruits of crime, or other items illegally possessed;

    Property designed for use, intended for use, or used in committing a crime;

    A person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code/Section | Offense Description |
|---|---|
| 18 U.S.C. §113(a)(3) | Assault with a Dangerous Weapon |
| 21 U.S.C. §§841(a)(1) and (b)(1)(C), | Possession with Intent to Distribute Methamphetamine |

The application is based on these facts:

### As set forth in Attachment C, incorporated herein by reference.

☒ Continued on the attached sheet.

☐ Delayed notice of ___ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Reviewed by AUSA Raynette Logan *RP*
*Telephonically Sworn*

_____
*Jose Vargas #1254*
*Applicant's Signature*

Jose Vargas, Detective, Gila River Police Department
*Applicant's printed name and title*

Date issued: __July 21, 2021 @2:07 pm__

_____
*Judge's signature*

City and State: __Phoenix, Arizona__

Hon. Deborah M. Fine, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A (1)

### Property to Be Searched

This warrant applies to the following electronic device recovered in the vicinity of where VERONICA NUNEZ was detained.  The device was initially collected by the Gila River Police department and stored at the Gila River Police Department, located at 639 W Seed Farm Rd Sacaton, AZ 85147.

1. A black Samsung cellular phone.  The cellular phone has an IMEI of 359128/06/782982/6.



## ATTACHMENT A (2)

### Property to Be Searched

This warrant applies to the following electronic device recovered within a GMC vehicle registered to Veronica Nunez.  The device was initially collected by the Gila River Police department and stored at the Gila River Police Department, located at 639 W Seed Farm Rd Sacaton, AZ 85147.

1.  A black Samsung cellular phone.  The cellular phone has an IMEI of 359253130617881.



**ATTACHMENT A(3)**

**Property to Be Searched**

This warrant applies to the following electronic device recovered within a GMC vehicle registered to Veronica Nunez. The device was initially collected by the Gila River Police department and stored at the Gila River Police Department, located at 639 W Seed Farm Rd Sacaton, AZ 85147.

1. A Silver in color ACER Chrombook laptop S/N: NXHUVAA0060440EE667600.



**ATTACHMENT B**

1.    Any records and information found within the digital contents of the SUBJECT DEVICES that relate to violations of Title 18, United States Code, §§ 1152 and 113(a)(3), Assault with a Dangerous Weapon, and Title 21, United States Code, §§ 841(a)(1) and (b)(1)(C), Possession with Intent to Distribute Methamphetamine, including:

    a.  all information related to the sale, purchase, receipt, shipping, importation, transportation, transfer, possession, or use of drugs;

    b.  all information related to buyers or sources of drugs (including names, addresses, telephone numbers, locations, or any other identifying information);

    c.  all bank records, checks, credit card bills, account information, or other financial records;

    d.  all information regarding the receipt, transfer, possession, transportation, or use of drug proceeds;

    e.  any information recording schedule or travel;

    f.  evidence indicating the cellular telephone user's state of mind as it relates to the crime under investigation;

    g.  contextual information necessary to understand the above evidence.

2.    Any records and information found within the digital contents of the SUBJECT DEVICES showing who used or owned the device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" includes records of telephone calls; names, telephone numbers, usernames, or other identifiers saved in address books, contacts lists and other directories; text messages and other stored communications; subscriber and device information; voicemails or other audio recordings; videos; photographs; e-mails; internet browsing history; calendars; to-do lists; contact information;

mapping and GPS information; data from "apps," including stored communications; reminders, alerts and notes; and any other information in the stored memory or accessed by the electronic features of the cellular telephone.

## ATTACHMENT C

**AFFIDAVIT IN SUPPORT OF SEARCH WARRANT**

I, Jose Vargas, Detective with the Gila River Police Department ("GRPD"), being duly sworn, depose and state as follows:

## INTRODUCTION

The facts of this case, as more fully detailed herein, are that on June 27, 2021, VERONICA NUNEZ (hereinafter V. NUNEZ) shot J.C. (an enrolled member of the Tohono O'odham Nation, hereinafter "TO"), while on AZSR 187, approximately 200 yards west of the intersection of S Casa Grande Hwy and AZSR 187, Sacaton, AZ, within the exterior boundaries of the Gila River Indian Community (GRIC).  Further investigation resulted in the recovery of a 2014 Black GMC Terrain, bearing Arizona License Plate JFA9BC, with Vehicle Identification Number: 2GKALSEK9E6254388. Also Recovered were a Black Samsung Smartphone IMEI 359128/06/782982/6, A Black Samsung Smartphone IMEI 359253130617881, and A Silver ACER Chromebook Laptop S/N: NXHUVAA0060440EE667600. The possessor of the vehicle and two phones were identified as V. NUNEZ. The owner of the laptop was identified as J.C.  The aforementioned vehicle, phone and laptop were seized by the Gila River Police Department (GRPD) and is currently located at the GRPD, 693 West Seed Farm Road, AZ 85147.  I am requesting that the Court issue a search warrant to search for evidence located in cell phones and a laptop, in support of an investigation into the aforementioned crime.

## PRELIMINARY BACKGROUND INFORMATION

1.  I make this affidavit in support of an application for a search warrant in furtherance of a drug investigation conducted by the Gila River Police Department (GRPD).  Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that evidence of a violation of Title 18, United States Code, §§ 1152 and 113(a)(3), Assault with a Dangerous Weapon, and

1

Title 21, United States Code, §§ 841(a)(1) and (b)(1)(C), Possession with Intent to Distribute Methamphetamine, is located on a Black Samsung Smartphone IMEI 359128/06/782982/6 (labeled Attachment (1)), A Black Samsung Smartphone IMEI 359253130617881 (labeled Attachment A(2)), and A Silver ACER Chromebook Laptop S/N: NXHUVAA0060440EE667600 (labeled Attachement A(3)), hereinafter described as SUBJECT DEVICES, as described in Attachment A, for evidence of this crime as described in Attachment B.

2.   Your affiant is a graduate of the Central Arizona Law Officer Training Academy in Coolidge, Arizona. Your affiant has been employed with GRPD since September 2009. Your affiant is currently assigned to the Special Investigations Unit with the Criminal Investigations Bureau and has primary investigative responsibility in matters to include weapons misconduct and drug investigations.   Your affiant has conducted interviews and investigations as a patrol officer on various cases and has also had several hours of training in criminal and drug investigations for the Gila River Police Department.

3.   Your affiant has obtained a Special Law Enforcement Commission through the Bureau of Indian Affairs. As such, your affiant is a law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), and is thereby authorized to execute arrest and search warrants under the authority of the United States

4.   The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, officers, investigators and witnesses. This affidavit is intended to show merely there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. I have set forth only the facts I believe are necessary to establish probable cause to believe evidence of a violation of Title 18, United States Code, §§ 1152 and 113(a)(3), Assault with a Dangerous Weapon, and Title 21, United States Code, §§ 841(a)(1) and (b)(1)(C), Possession with Intent to Distribute Methamphetamine, is located on or within the confines of

2

A Black Samsung Smartphone IMEI 359128/06/782982/6, A Black Samsung Smartphone IMEI 359253130617881, and A Silver ACER Chromebook Laptop S/N: NXHUVAA0060440EE667600 further described in Attachment A, for items listed in Attachment B. This Court has jurisdiction over these offenses under 18 U.S.C. § 1152 because the below-described events occurred on the Gila River Indian Community, and J.C. is an enrolled member of the TO, a federally recognized tribe.

## DETAILS OF INVESTIGATION

5. On June 27, 2021, at approximately 2000 hours, GRPD detectives were instructed by Gila River Police Department Detective Sergeant John Howerton to respond to a suspected shooting with an injured subject near the intersection of S Casa Grande Hwy and AZSR 187 Sacaton, Arizona (within the exterior boundaries of the Gila River Indian Community).

6. Upon arrival, the initial responding officer, GRPD Ofc. M. Kennedy was contacted. Officer Kennedy stated they received initial calls of a male subject running away from another subject while being shot at. When Officer Kennedy arrived on scene he observed a female subject, later identified as NUNEZ leaning into a 2014 Black GMC Terrain, bearing Arizona License Plate JFA9BC, with Vehicle Identification Number: 2GKALSEK9E6254388. Officer Kennedy observed a dark object in NUNEZ's clothing. When asked about the object, NUNEZ informed officers that they were empty magazines. Officer Kennedy detained NUNEZ and secured her in the rear of his patrol unit. Officer Kennedy also informed me a male subject, later identified as J.C., was located by GRPD Sgt. Elliot further down the road along AZSR 187. The male subject matched the description of the subject provided by witnesses, who was reportedly being shot at, and had a severe injury above his left eyebrow.

7. After speaking with Officer Kennedy, detectives walked the crime scene. While walking through the crime scene, detectives observed a 2014 Black GMC Terrain, bearing Arizona License Plate JFA9BC, with Vehicle Identification Number: 2GKALSEK9E6254388, parked along the shoulder. After

3

verifying the vehicle's registration, it was confirmed the vehicle was registered to NUNEZ. The passenger side of the vehicle had numerous bullet holes along the exterior shell and the rear passenger window. There were also numerous empty casings located on the ground approximately 5 yards east of the passenger side of the vehicle. Lying on the front passenger seat were two handguns along with live ammunition matching the empty casings lying on the ground. The vehicle's radio was severely damaged with multiple bullet holes. Detectives also located multiple blood spatter and droplets along the center console. Detectives also observed a large amount of blood droplets and spatter along the exterior of the vehicle's driver side. There was a blood trail leading west away from the vehicle toward the location J.C. was located. On the ground directly below the driver side door, detectives observed a clear bundle containing a clear crystalized substance. Utilizing a TruNarc instrument, the substance was later confirmed to be approximately 23.3 grams of methamphetamine. While examining the scene, Detectives also located a black Samsung smartphone IMEI 359128/06/782982/6. The phone was seized and secured in the Gila River Police Department Evidence Department. NUNEZ was later contacted via cellphone and confirmed she was the owner of the Samsung smart phone.

8.    During the investigation, detectives reviewed the 911 recordings. One of the 911 calls received was from NUNEZ. In the call, NUNEZ could be heard telling the 911 operator that she shot at the vehicle J.C. was in, and when he got out of the vehicle he had blood on him. During the investigation, detectives also requested a K9 unit to check the vehicle. When the K9 unit arrived, the handler, GRPD Ofc. A. Johnson, deployed his K9 around the vehicle. When they were finished, Ofc. Johnson advised his K9 alerted to the presence of drugs near the rear passenger door and the front driver side door. The vehicle was seized as evidence and transported to the Gila River Police Department at 639 W Seed Farm Rd Sacaton, AZ. Upon arrival, the vehicle was secured in the GRPD evidence impound lot.

9. On June 13, 2021, I executed a federal search warrant, 21-177MB, on the vehicle. During the

4

search, detectives located multiple bags containing documents for J.C., including a backpack. Inside the backpack was an Acer laptop, S/N NXHUVAA0060440EE667600, and a red plastic grinder containing a white powder residue. Inside one of the bags was also a small black and white notebook containing various names and contact info. On one of the pages of the notebook was a list stating "grams 28= 1oz 1.7= tenner 3.5= BAll."  Through my training and experience, I recognized "teener" and "ball" as common terms or slang words used when describing drug amounts for sale. While searching the rest of the vehicle, detectives found multiple documents indicating the vehicle belonged to Veronica Nunez. Detectives also located a brown purse in the front passenger seat. Inside the brown purse were multiple personal cards and documents with the name Veronica Nunez. Inside the purse a total of $97 of U.S. Currency (in denominations of $1, $20, and $5 bills) were located. Detectives also located an Acetaminophen pill container containing 4 capsule of an unknown substance. Underneath the front passenger seat a black Samsung smartphone, IMEI 359253130617881, was also located. The electronic items, suspected drugs and drug paraphernalia were seized and secured in the Gila River Police Department Evidence Department, 693 West Seed Farm Road, AZ 85147.

10.  In my experience as a law enforcement officer, and past similar criminal investigations, drug traffickers and users often utilize cell phones, laptops, and other electronic devices in the furtherance of various crimes. Common uses for electronic devices are to communicate and set up illegal sales utilizing text messages, emails, messaging apps/internet platforms, chat rooms through various platforms, and various other methods. Electronic devices are also often utilized to document and store images of contraband or other illegal substances used in setting up a transaction.  Electronic devices have also been utilized to complete transactions for illegal contraband or substances utilizing various payment apps/ databases.

### DIGITAL EVIDENCE STORED WITHIN A CELLULAR TELEPHONE

11.  As described in Attachment B, this application seeks permission to search for records and information that might be found in the contents of the SUBJECT DEVICES.  Thus, the warrant applied for would authorize the copying of electronically stored information under Rule 41(e)(2)(B).

1.  Probable cause.  Your Affiant submits that there is probable cause to believe records and information relevant to the criminal violations set forth in this Affidavit will be stored on the SUBJECT DEVICES for at least the following reasons:

a.      Your Affiant knows that when an individual uses a cellular telephone or laptop computer, the device may serve both as an instrumentality for committing the crime and also as a storage medium for evidence of the crime.  The device is an instrumentality of the crime because it is used as a means of committing the criminal offense.  The device is also likely to be a storage medium for evidence of crime.  From my training and experience, your Affiant believes that a cellular telephone or laptop used to commit a crime of this type may contain: data that is evidence of how the device was used; data that was sent or received; notes as to how the criminal conduct was achieved; records of Internet discussions about the crime; and other records that indicate the nature of the offense.

b.      Based on my knowledge, training, and experience, your Affiant knows that cellular telephones and laptops contain electronically stored data, including, but not limited to, records related to communications made to or from the device, such as the associated telephone numbers or account identifiers, the dates and times of the communications, and the content of stored text messages, e-mails, and other communications; names and telephone numbers stored in electronic "address books;" photographs, videos, and audio files; stored dates, appointments, and other information on personal

6

calendars; notes, documents, or text files; information that has been accessed and downloaded from the Internet; and global positioning system ("GPS") information.

c.      Based on my knowledge, training, and experience, your Affiant knows that electronic files or remnants of such files can be recovered months or even years after they have been downloaded onto a device, deleted, or viewed via the Internet. Electronic files downloaded to a device can be stored for years at little or no cost. Even when files have been deleted, they can be recovered months or years later using forensic tools. This is so because when a person "deletes" a file on a device, the data contained in the file does not actually disappear; rather, that data remains on the devicee until it is overwritten by new data.

d.      Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the device that is not currently being used by an active file—for long periods of time before they are overwritten. In addition, a devices operating system may also keep a record of deleted data in a "swap" or "recovery" file.

2.      Forensic evidence. As further described in Attachment B, this application seeks permission to locate not only electronic files that might serve as direct evidence of the crimes described on the warrant, but also for forensic electronic evidence that establishes how the cellular telephone and laptop were used, the purpose of the use, who used it, and when. There is probable cause to believe that this forensic electronic evidence will be found in the contents of the SUBJECT DEVICES because:

a.      Data in a cellular telephone and laptop can provide evidence of a file that was once in the contents of the cellular telephone but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

7

b.    As explained herein, information stored within a cellular telephone and laptop may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion.  In my training and experience, information stored within electronic storage medium (e.g., registry information, communications, images and movies, transactional information, records of session times and durations, internet history, and anti-virus, spyware, and malware detection programs) can indicate who has used or controlled the cellular telephone and laptop. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.  The existence or absence of anti-virus, spyware, and malware detection programs may indicate whether the cellular telephone and laptop were remotely accessed, thus inculpating or exculpating the owner.  Further, activity on a cellular telephone and laptop can indicate how and when the device was accessed or used.  For example, as described herein, cellular telephones and laptops can contain information that log: session times and durations, activity associated with user accounts, electronic storage media that connected with the cellular telephone and laptop, and the IP addresses through which the cellular telephone and laptop accessed networks and the internet.  Such information allows investigators to understand the chronological context of cellular telephone and laptop access, use, and events relating to the crime under investigation.  Additionally, some information stored within a cellular telephone and laptop may provide crucial evidence relating to the physical location of other evidence and the suspect.  For example, images stored on a cellular telephone and laptop may both show a particular location and have geolocation information incorporated into its file data.  Such file data typically also contains information indicating when the file or image was created.  The geographic and timeline information described herein may either inculpate or exculpate the user of the device.  Last, information stored within a cellular telephone and laptop may provide relevant insight into the user's

state of mind as it relates to the offense under investigation. For example, information within a computer may indicate the owner's motive and intent to commit a crime (e.g., internet searches indicating criminal planning), or consciousness of guilt (e.g., running a "wiping" program to destroy evidence on the computer or password protecting/encrypting such evidence in an effort to conceal it from law enforcement).

c.      A person with appropriate familiarity with how a cellular telephone and laptop work can, after examining this forensic evidence in its proper context, draw conclusions about how the cellular telephone and laptop was used, the purpose of its use, who used it, and when.

d.      The process of identifying the exact files, blocks, registry entries, logs, or other forms of forensic evidence on a cellular telephone and laptop that are necessary to draw an accurate conclusion is a dynamic process. While it is possible to specify in advance the records to be sought, cellular telephone and laptop evidence are not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a device is evidence may depend on other information stored on that or other storage media and the application of knowledge about how electronic storage media behave. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e.      Further, in finding evidence of how a cellular telephone and laptop were used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium. For example, the presence or absence of counter-forensic programs or anti-virus programs (and associated data) may be relevant to establishing the user's intent.

9

3.    Nature of examination.  Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant your Affiant is applying for would permit imaging or otherwise copying the contents of the SUBJECT DEVICES, including the use of computer-assisted scans.

4.    Manner of execution.  Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises.  Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

12.  Based on the aforementioned factual information, I respectfully submit that there is probable cause to believe that evidence described in Attachment B, is located within the aforementioned SUBJECT DEVICES, as more fully described in Attachment A, and will support an investigation related to a violation of 18 U.S.C. §§1152 and 113(a)(3) and 21 U.S.C. §§841(a)(1) and b(1)(C).  This affidavit was sworn telephonically before a United States Magistrate Judge legally authorized to administer an oath for this purpose.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 7/20/2021 _____     ___*Jose Vargas #1254*___
                                     Detective Jose Vargas
                                     Gila River Police Department

Subscribed and sworn to before me this 21st day of July, 2021. @2:07pm

_____
Honorable Deborah M. Fine
United States Magistrate Judge
District of Arizona

10